**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LIGHTER, | No. C 12-6250 SI (pr) |
|     Plaintiff, | **ORDER OF DISMISSAL** |
|     v. | |
| U.S. GRAND JURIES FOR THE NORTHERN DISTRICT OF CALIFORNIA; et al., | |
|     Defendants. | |

    A criminal case against Eric Lighter is now pending in this district, *United States v. Lighter*, No. CR 05-215 EJD. Lighter has been found guilty of several crimes and his motion for new trial is pending. Although represented by counsel in the criminal case, Lighter apparently filed many documents *pro se* in it. *See* Docket # 310 in Case No. CR 05-215 EJD (order stating that "the court has not and will not consider Defendant's pro se filings unless and until an appropriate reason to do so is presented.")

    Eric Lighter commenced this action by filing a complaint in which he alleged that a grand jury in the Northern District of California "failed to receive and/or honor [Lighter's] felony confession(s), [grand jury] bonding, and [grand jury] pleadings and exhibits" in several pending cases." Docket # 1, p. 2. He seeks leave to proceed *in forma pauperis*.

    This is the second case filed by Lighter in which he seeks judicial enforcement of his claimed right to present evidence to a grand jury. As the court explained in dismissing his earlier action:

> A private individual does not have Article III standing to compel the grand jury to consider evidence. *See Sargeant v. Dixon*, 130 F.3d 1067 (D. D.C. 1997). . . . Lighter has no Article III standing to present evidence to the grand jury. He has no right to be heard by the grand jury as an end to itself. And he has not identified any underlying property or liberty interest in the grand jury proceedings as to which procedural due process protections (such as an opportunity to be heard) would attach. Most notably, Lighter has no legal right to initiate or prosecute a criminal charge. *See generally Navarro-Vargas*, 408 F.3d at 1200; *see also United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.")

Order of Dismissal in *In Re. Lighter*, No. C 12-2802 SI.

The complaint in this action repeats claims made in Case No. C 12-2802 SI. The complaint is frivolous because it asserts claims duplicative of those raised and rejected in the earlier action. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)*; Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious). The court must dismiss an *in forma pauperis* action at any time if it determines that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B). Accordingly, this action is DISMISSED with prejudice because it is frivolous. The clerk shall close the file.

IT IS SO ORDERED.

Dated: April 18, 2013

_____
SUSAN ILLSTON
United States District Judge